UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VENDESIC, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE LENS MANUFACTURING, a Delaware corporation; SOLA INTERNATIONAL, INC., a Delaware corporation; CHOICE ONE ONLINE, INC., a New York corporation,<br><br>Defendants. | CASE NO. C05-147C<br><br>ORDER |

This matter comes before the Court on Defendant Sola International, Inc.'s Motion to Amend Answer to Amended Complaint (Dkt. No. 30). The Court has considered the papers submitted by the parties and hereby finds and rules as follows.

Sola International, Inc. ("Sola") moves for leave to amend its Answer to correct what it alleges is a factual error in Sola's original Answer. Vendesic responds that Sola is not simply seeking to amend its Answer, rather it is asking to revoke an admission of fact in this case. The amendment at issues arises from the following paragraph in Vendesic's Complaint:

ORDER – 1

> Upon information and belief, Defendant Oracle Lens Manufacturing (hereinafter referred to as "Oracle") is or was incorporated in Delaware but has its principal place of business in Rhode Island and does or had done business in the State of Washington. Oracle was acquired by Defendant Sola International, Inc. and as a result, said Defendant acquired all of the liabilities of Oracle alleged in this complaint. (Am. Compl. ¶ 2.)

In its Answer Sola admits that it "acquired the assets of Oracle." (Sola's Answer ¶ 2.) In its proposed Amended Answer Sola seeks to change its answer to "Deny that Sola acquired the assets of Oracle." (Proposed Am. Answer ¶ 2.) However, the amendment continues by stating that "Sola avers that it acquired certain assets of Oracle Lens Manufacturing, a Rhode Island corporation." (*Id*.) As justification for this amendment Sola asserts that in its original Answer it responded as though Vendesic's Amended Complaint referred to Oracle Lens Manufacturing ("Oracle") as a Rhode Island corporation, when the Amended Complaint actually referred to Oracle as a Delaware corporation. It now seeks to correct that mistake, on the grounds that Sola has no knowledge of a Delaware corporation known as Oracle Lens Manufacturing. Vendesic objects that this proposed amendment puts a fact in issue after Sola has accurately admitted the same. Vendesic proposes the better course of action would be to allow amendment of the Amended Complaint to name Oracle, a Rhode Island corporation, in place of Oracle, a Delaware corporation.

Leave to amend shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a) ("Rule 15(a)"). The grant or denial of an opportunity to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The leave sought should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. *Id*.

Vendesic is correct that Sola's proposed amendment does, albeit in a limited manner, disavow a fact previously admitted to be true because it admits acquisition only of some, rather than all, of Oracle's assets. However, Vendesic has failed to demonstrate the existence of factors that would justify restricting the liberality with which a court should normally apply Rule 15(a). The deadline for amending the pleadings has not yet passed. Vendesic has failed to allege undue burden or prejudice resulting from the amendment, and there is no evidence Sola is acting in bad faith. This will be Sola's first amended

ORDER – 2

1  answer and the veracity of the amendment need not be conclusively established at this stage of litigation.
2  Moreover, the relief sought by Sola is different from that which would be effected by amending the
3  Amended Complaint.  Thus, Vendesic's proposal that the Court order amendment of the named parties is
4  not a simpler means to the same end.
5      Finding that leave to amend shall be freely granted, the Court hereby GRANTS Sola's Motion for
6  Leave to Amend.  Counsel are directed to e-file Defendant Sola International, Inc.'s Amended Answer.

8      SO ORDERED this __10th__ day of August, 2005.

                            _____
                            UNITED STATES DISTRICT JUDGE

ORDER – 3