UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VENDESIC, INC.,

        Plaintiff,

   v.

ORACLE LENS MANUFACTURING, et al.,

        Defendants.

CASE NO. C05-0147C

ORDER

This matter comes before the Court on Plaintiff Vendesic, Inc.'s motion to amend its complaint to add Patrick Bonanno (Dkt. No. 52) and Defendant Sola International, Inc.'s ("Sola") motion for joinder of Jan Ennis and Brad McLane (Dkt. No. 51). Having reviewed the materials submitted by the parties on both motions and having determined that oral argument is not necessary, the Court GRANTS Plaintiff's motion and DENIES Defendant's motion for the reasons set forth below.

**I.     Plaintiff's Motion to Amend Complaint**

Plaintiff Vendesic seeks an order permitting it to amend its First Amended Complaint (Dkt. No. 5) to add Patrick Bonanno as a defendant and to correct the state of incorporation of Defendant Oracle Lens Manufacturing. (*See* Dkt. No. 52.) Plaintiff alleges that during the course of discovery and the preparation of its expert report, it learned that Bonanno was associated with an IP address to which Plaintiff tracked one of the alleged attacks on its servers. (*See* Pl.'s Mot. 1–2.) Sola counters that

ORDER – 1

Plaintiff could not have only recently learned of Bonanno's activities, and that amending the complaint at this late stage amounts to sandbagging. Sola further argues that the Court cannot exercise jurisdiction over Bonanno, who lived and worked in Rhode Island during the alleged infringing activities. (*See* Def.'s Opp'n 2–3.)

Under Rule 15(a), a party may amend its pleading after responsive pleadings have been filed only by leave of court. FED. R. CIV. P. 15(a). However, such leave "shall be freely given when justice so requires." *Id.* When adjudicating such a motion, the courts should "examine the effect and the timing of the proposed amendments to determine whether they would prejudice the rights of any of the other parties to the suit. If no prejudice is found, then leave will normally be granted." 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1484, at 600 (3d ed. 2005). Conversely, if the amendment would create "*substantial* prejudice or inconvenience, the court may deny leave to amend, particularly if the proffered amendment will not promote the disposition of the case on its merits." *Id.* (emphasis added); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (describing five factors to be analyzed: "bad faith, undue delay, prejudice to opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint").

Sola's prejudice argument is that the amendment arrives too close to the discovery cut-off. (*See* Def.'s Mot. 2.) But with the Court's recent extension of all discovery deadlines (Dkt. No. 67), the likelihood that substantial prejudice or inconvenience will result from this amendment is minimal.[1] Moreover, Plaintiff filed its motion on the September 9, 2005 cut-off for pleading amendments, so Sola cannot complain that Vendesic's motion was time barred or even unexpected. For similar reasons, the Court does not find any evidence of bad faith or undue delay by Vendesic.

Finally, the parties dispute the Court's ability to exercise jurisdiction over Bonanno. Plaintiff asserts that specific jurisdiction attaches to Bonanno, and that "the same concepts of jurisdiction that

---

[1] Sola does not oppose Plaintiff's proposed amendment clarifying Oracle's state of incorporation. (*See* Def.'s Opp'n 3.)

ORDER – 2

apply to [Defendant] Choice One, as argued in response to Choice One's motion to dismiss for lack of jurisdiction[,] would apply to Bonanno." (Pl.'s Mot. 4.) Sola responds that under *Buckley*, 356 F.3d at 1077, joining a party over which the Court lacks jurisdiction would be futile. But these are arguments for Bonanno to raise himself; if he wishes to assert jurisdictional deficiencies, he will be free to do so in the same manner as Defendant Choice One has done. All the Court decides today is that Plaintiff has made a sufficient showing for the Court to exercise its discretion to give leave to amend the complaint.

Accordingly, Plaintiff's motion is GRANTED. The clerk is DIRECTED to file Plaintiff's Second Amended Complaint (Dkt. No. 52-1).

## II.     Defendant Sola's Motion for Joinder

Sola requests an order joining Jan Ennis and Brad McLane, inventors of the proprietary system at issue and officers of Vendesic. (*See* Dkt. No. 51.) Sola argues that all pleadings and discovery responses by Vendesic indicated that the copyrighted system at issue was owned only "beneficially" by Vendesic and that the copyright was actually owned by Ennis and McLane. (*See* Def.'s Mot. 3 n.1 ("Vendesic has produced no documents to evidence an assignment of the copyright to Vendesic, despite Sola's request that Vendesic produce all documents related to the copyright registration.").)

Sola correctly notes that joinder of the copyright owners is favored in cases where infringement and validity are in issue. *See* 17 U.S.C. § 501(b) ("The court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright."); *see also Televisa, S.A de C.V. v. Koch Lorber Films*, 382 F. Supp. 2d 631, 634 (S.D.N.Y. 2005) (finding that all persons with interest in copyright should be joined in validity disputes). Vendesic responds that Ennis and McLane disclaim any ownership interest in the copyrighted work; a declaration by Ennis attaches as an exhibit an agreement by Ennis and McLane purporting to show the assignment of copyright to Vendesic. Sola, in its reply, expresses surprise that Vendesic had not produced the assignment agreement in discovery, and argues that in any case that the agreement contradicts Vendesic's pleadings and discovery responses. (*See* Def.'s Reply 1–3.)

ORDER – 3

1    The Court has not been asked to make findings regarding Vendesic's failure to produce or even
2    mention the assignment earlier, nor has Sola sought sanctions under Rules 11 or 26 for Vendesic's
3    actions.  As such, the sole issue before the Court is whether, under Rule 19, Sola has made a showing
4    that Ennis and McLane must be joined to permit the Court to fully adjudicate the claims and defenses
5    raised in this case.  Because Ennis and McLane do not dispute Vendesic's current allegation that the
6    assignment was valid, it is not for Sola to question the effectiveness of that assignment.  *See Radio*
7    *Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922, 929 (9th Cir. 1999) ("Courts have
8    held that in situations in which the copyright holder appears to have no dispute with its licensee on [the
9    issue of transfer], it would be anomalous to permit a third party infringer to invoke this provision against
10   the licensee.").  Given this unanimity between transferors and transferee, the Court cannot find that Sola
11   is "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" arising
12   from Ennis and McLane's disclaimed interest in the copyrighted work.  FED. R. CIV. P. 19(a).  Under
13   these circumstances, Ennis and McLane's absence does not impair the Court's ability to render complete
14   relief among the present parties.

15   Accordingly, the Court DENIES Sola's motion to join Jan Ennis and Brad McLane.

17   SO ORDERED this 20th day of October, 2005.

                                                              UNITED STATES DISTRICT JUDGE

26   ORDER – 4