UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VENDESIC, INC.,

    Plaintiff,

    v.

ORACLE LENS MANUFACTURING et al.,

    Defendants.

CASE NO. C05-0147C

ORDER

This matter comes before the court on Defendant Choice One OnLine, Inc.'s ("Choice One") Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 38). Having reviewed the materials submitted by the parties and finding that oral argument is not necessary, the Court DENIES Defendant's motion for the reasons set forth below.

**I.   BACKGROUND**

Viewing the factual allegations in the light most favorable to Plaintiff Vendesic, the material facts in this case are as follows:

Choice One is a New York corporation, with offices in Buffalo, New York, that provides internet solutions to businesses including website development and hosting, creation of intranets and extranets, and search engine marketing services. (Winer Decl. 1.) Choice One has no offices, employees, or sales representatives in the State of Washington. (*Id*.) Choice One is not registered to do business in

ORDER – 1

1  Washington and has no registered agents here. (*Id*.) Choice One does not direct print, radio, or
2  television advertising to Washington. (*Id*. at 2.) Only three of Choice One's approximately 500 active
3  clients are located in Washington, none of which are involved in the allegations in this case. (*Id*.) These
4  three Washington clients generate less than $750 in annual revenue for Choice One, representing less than
5  0.06% of Choice One's total annual revenue. (*Id*.) No Choice One employees regularly travel to
6  Washington for business, and none have traveled to Washington in connection with the services provided
7  to its three clients here. (*Id*.) Finally, Choice One products and services cannot be ordered, and it cannot
8  be contacted, over the internet through Choice One's website, www.choiceonline.com. (Hliwa Decl.
9  2.)

10  Choice One and Defendant Oracle Lens Manufacturing ("Oracle") entered into a Web
11  Development Agreement whereby Choice One created a website for Oracle. (Winer Decl. 2.) No Choice
12  One employees traveled to Washington in connection with this agreement. (*Id*.) Vendesic alleges that
13  Defendants infringed a copyright it holds based on the work Choice One performed for Oracle. (Def.'s
14  Mot. 2.)

15  Vendesic is a small company that develops and produces software that facilitates the ordering of
16  optical products from large distributors online by manufacturers, wholesalers, and retailers. (Ennis Decl.
17  1.) In 1999 Vendesic developed its grid-based System for ordering product online that was entirely new
18  to the industry. (*Id*.) Oracle agreed to have Vendesic host its public website and use the System for its
19  private extranet, and in October 2000 the site went live. (Ennis Decl. 2.) All functions of this site were
20  maintained and operated by Vendesic's server located in Redmond, Washington. (*Id*.) After four years,
21  Oracle ended the agreement and went online with a new public website and extranet using a grid-based
22  ordering system developed by Choice One. (*Id*.) The system looked and operated nearly identical to
23  Vendesic's System. (*Id*.)

24  The similarity between the two systems led Vendesic to investigate whether anyone had gained
25  access to the copyrighted System through its server. (*Id*.) Vendesic was able to identify by Internet
26  ORDER – 2

Protocol ("IP") address a number of attacks on its server, and that the private Vendesic-Oracle site on the server had been viewed by IP addresses belonging almost exclusively to Oracle and Choice One. (*Id.*) Attacks on the Vendesic server have also originated from IP addresses assigned to Cox Cable, a large Internet Service Provider. (*Id.*) Many of the attacks from Cox Cable IP addresses accessed the private portion of Vendesic's server using a password that could only have come from Oracle that was provided to Choice One. (*Id.*; Park Decl., Ex. A.) Furthermore, Oracle provided Choice One the password to the private portions of Vendesic's server containing the Oracle website and extranet, which Choice One then used to access Vendesic's server and view the Vendesic-Oracle sites. (Park Decl., Ex. A and B.) These intrusions occurred while the Vendesic-Oracle agreement was still in place.

## II.   ANALYSIS

The plaintiff bears the burden of demonstrating that jurisdiction is appropriate when a defendant moves to dismiss a complaint for lack of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where the motion is based on written materials, as it is here, the plaintiff need only make a prima facie showing of personal jurisdiction through pleadings and affidavits. *Id.* While the plaintiff cannot rest only on bare allegations in the complaint, uncontroverted allegations must be taken as true. *Id.* Conflicts between parties over statements in the pleadings and affidavits must be resolved in favor of the plaintiff. *Id.* (citing *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal.")). The Court must accept Plaintiff's allegations as true and make all reasonable inferences in its favor. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Oakley, Inc. v. Jofa AB*, 287 F. Supp. 2d 1111, 1117 (C.D. Cal. 2003); *nMotion, Inc. v. Envtl. Tectonics Corp.*, 196 F. Supp. 2d 1051, 1058 (D. Or. 2001).

Since there is no federal statute governing personal jurisdiction in this case, the district court applies the law of the state in which the district sits. *Schwarzenegger*, 374 F.3d at 800. Washington's

ORDER – 3

long-arm statute, Wash. Rev. Code § 4.28.185 (2005), permits the exercise of jurisdiction to the full extent of the due process clause of the United States Constitution. *Easter v. Am. West Fin.*, 381 F.3d 948, 960 (9th Cir. 2004) (citing *Shute v. Carnival Cruise Lines*, 783 P.2d 78, 79–80 (1989)). As a result, the jurisdictional analyses under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800–01. For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: general and specific. "General jurisdiction refers to jurisdiction to adjudicate claims that do not arise from the defendant's contacts with the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1139 (N.D. Cal. 2005) (*citing* 16 James Wm. Moore et al., *Moore's Federal Practice* ¶ 108.40 (3d ed. 2005)). Specific jurisdiction refers to jurisdiction over a defendant in claims arising out of or related to the defendant's contacts with the forum. *Yahoo!, Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1123 (9th Cir. 2004). Vendesic argues that the Court has both general and specific jurisdiction over Defendant Choice One.

A.     *General Personal Jurisdiction*

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic contacts" with the forum state, *Schwarzenegger*, 374 F.3d at 801 (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)), that "approximates physical presence" in that state. *Bancroft & Masters*, 223 F.3d at 1086. This an exacting standard because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world. *Schwarzenegger*, 374 F.3d at 801. Factors to take into consideration are whether the defendant makes sales, solicits or engages in business in the state,

ORDER – 4

serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Brayton Purcell*, 361 F. Supp. 2d at 1139 (citing *Bancroft & Masters*, 223 F.3d at 1086).

Choice One's electronic and internet-based contacts with Washington are not continuous and systematic such that the Court could assert general jurisdiction over it. The only connection Choice One has with Washington are its three customers based here; Choice One is not registered to do business in Washington and has no offices or employees here. These contacts are not enough to be continuous and systematic. *See, e.g.*, *Glencore Grain Rotterdam B.V. v. Shivnath Rai*, 284 F.3d 1114, 1125 (9th Cir. 2002) (employing a sales agent in forum, a shipment into the forum, and fifteen shipments from within the forum are not enough to establish general jurisdiction); *Bancroft & Masters*, 223 F.3d at 1086 (license agreements with a handful of vendors in forum insufficient to establish general jurisdiction); *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (occasional sales in forum insufficient to establish general jurisdiction); *Injen Tech. Co., Ltd. v. Advanced Engine Mgmt., Inc.*, 270 F. Supp. 2d 1189, 1194 (S.D. Cal. 2003) (2% of total sales in forum insufficient to establish general jurisdiction); *Stairmaster Sports/Med. Prods., Inc. v. Pac. Fitness Corp.*, 916 F. Supp. 1049, 1053 (W.D. Wash. 1994) (3% of total sales in forum insufficient to establish general jurisdiction), *aff'd*, 78 F.3d 602 (Fed. Cir. 1996); *MBM Fisheries, Inc. v. Bollinger Mach. Shop and Shipyard, Inc.*, 804 P.2d 627 (1991) (performing work outside the forum for four in-forum residents insufficient to establish general jurisdiction).

Additionally, Choice One's operation of its website is not enough to assert general jurisdiction over it in Washington. "A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 915–16 (D. Or. 1999) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)); *see also*, *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 336–37 (5th Cir. 1999) (defendant's website was not sufficient basis for general personal jurisdiction when website did not have any form of interactivity that allowed consumers to order or purchase products online). Because it is now common for businesses of all types to have a website, if general

ORDER – 5

jurisdiction were predicated on the presence of a passive website alone, most businesses would be subject to personal jurisdiction in every forum. 16 Moore et al., *supra* ¶ 108.44[3]. Choice One's website is passive in that visitors cannot interact with Choice One through it. No Choice One products or services can be ordered and it cannot be directly contacted through its website, the site is strictly informational and for advertising purposes only. (Hliwa Decl. 2.) Therefore, general personal jurisdiction cannot be asserted over Choice One in this forum.

B.   *Specific Personal Jurisdiction*

Because the Court does not have general jurisdiction over Choice One, the Court turns to the issue of specific jurisdiction. The Ninth Circuit employs a three-prong test for analyzing a claim of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Vendesic bears the burden of satisfying the first two prongs of the test. *Id*. If Vendesic succeeds in satisfying the first two prongs the burden then shifts to Choice One to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

1.   *Purposeful Availment*

Vendesic has made a prima facie showing that Choice One purposefully availed itself of the forum. The requirement of purposeful availment ensures that a nonresident defendant will not be hailed into court based upon random, fortuitous, or attenuated contacts with the forum state. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). The defendant need not be physically present or have physical contacts with the forum as long as the defendant has taken

ORDER – 6

deliberate action toward the forum state. *Id.* Vendesic alleges that jurisdiction attaches to Choice One in Washington because Choice One has purposefully availed itself of the benefits of the forum based on the effects of Choice One's actions.

Specific jurisdiction is established over Choice One in Washington because the facts and inferences viewed in the light most favorable to Vendesic show that Choice One had knowledge that the effects of its actions would be felt in the forum. Under the "effects doctrine" personal jurisdiction can be based on (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered in the forum state. *Id.* The express aiming requirement is met when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant *knows* to be a resident of the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (emphasis added); *see also Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002) (Knowledge of the particular forum in which a potential plaintiff will bear the brunt of the harm is an essential part of the "effects test.")

Viewing the facts and reasonable inferences in the light most favorable to Vendesic, it has made a *prima facie* showing that Choice One knew that Vendesic and its server were located in this forum. Unlike in *Revell* where the court found jurisdiction lacking where the defendant had no idea the plaintiff was a resident of the forum, *Revell*, 317 F.3d at 475, the inference can be made that Choice One knew Vendesic and its server were located in Washington when Choice One allegedly hacked into the server. For purposes of this analysis it must be assumed that Choice One deliberately acted within Washington when, in completing the work for Oracle, Choice One hacked into Vendesic's server to infringe the Copyrighted Work as Vendesic alleges. From this, and Choice One's relationship with Oracle and Choice One's knowledge that Oracle had been doing business with Vendesic, it is reasonable to infer that Choice One knew that Vendesic and its server were located in Washington. Therefore, when Choice One intentionally hacked into Vendesic's server as alleged, it did so knowing that the harm of such conduct would

ORDER – 7

be felt in Washington. *See Panavision*, 141 F.3d at 1323 (finding that defendant directed his activity toward the forum state when "[h]is conduct, as he knew it likely would, had the effect of injuring [the plaintiff] in [the forum state]..."). At least on the record developed thus far, Vendesic has shown that Choice One's actions were expressly aimed at Washington such that it purposefully availed itself of the forum.

### 2. *"But For" Test*

To meet the second prong of the specific jurisdiction test the plaintiff must show its claims arise out of or result from the defendant's contact with the forum state. *Panavision*, 141 F.3d at 1320. The Ninth Circuit uses a "but for" test to determine whether this requirement is met. *Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995). Under this test the Court must determine whether Vendesic's claims against Choice One would have arisen "but for" Choice One's contacts with Washington. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). This requirement is satisfied because "but for" Choice One's hacking into Vendesic's server located in Washington as alleged, Vendesic would have no claims against Choice One.

### 3. *Reasonableness Test*

Finally, the Court's exercise of personal jurisdiction over a nonresident defendant must be reasonable in that it comports with fair play and substantial justice. *Burger King*, 471 U.S. at 476.

> The reasonableness determination requires the consideration of several factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Bancroft & Masters*, 223 F.3d at 1088 (citing *Burger King*, 471 U.S. at 467–77). The defendant has the burden of demonstrating a "compelling case" that exercise of jurisdiction in the forum would be unreasonable. *Burger King*, 471 U.S. at 467–77.

ORDER – 8

1  Choice One argues that its contacts with Washington are too minimal to reasonably assert
2  jurisdiction over it.  (Def.'s Reply 9–10.)  However, as discussed above, taking the facts and
3  inferences in the light more favorable to Vendesic, it has made a prima facie showing that Choice
4  One purposefully availed itself of the forum state.  These contacts may not be considerable or
5  widespread, and therefore alone may be insufficient to support a reasonable assertion of personal
6  jurisdiction.  However, personal jurisdiction is reasonable in the forum when weighed against the
7  remaining factors.  After considering all of the factors the Court concludes that Choice One has
8  not carried its burden of presenting a compelling case against the Court's exercise of personal
9  jurisdiction over Choice One.

10  There are no allegations by Choice One that it would be a great burden to defend against
11  this lawsuit in Washington.  There is no apparent or alleged conflict with the sovereignty of
12  Choice One's home state of New York.  Washington has an interest in the case being adjudicated
13  here because the Plaintiff is located in the forum and the effects of Choice One's actions were felt
14  here.  *nMotion*, 196 F. Supp. 2d at 1061 (when a foreign defendant takes actions in the forum that
15  unjustly harm a resident, the state has some interest in redressing that wrong).  While an alternate
16  forum certainly exists for a case against Choice One in New York, there is great judicial efficiency
17  in this case being decided in this forum because the Plaintiff is located here and because it would
18  be inefficient to try the same claims on the same facts in two different forums.  Therefore, exercise
19  of personal jurisdiction over Choice One in Washington is reasonable.

C.     *Vendesic's RICO and State Law Claims*

Personal jurisdiction over Choice One in this forum is also established over Vendesic's
RICO and state law claims against Choice One.  "A court may assert pendent personal jurisdiction
over a defendant with respect to a claim for which there is no independent basis of personal
jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the
same suit over which the court does have personal jurisdiction." *Action Embroidery Corp. v.*

ORDER – 9

*Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004). Personal jurisdiction has been established over Vendesic's federal copyright infringement claims. Vendesic's RICO and state law claims arise out of a common nucleus of operative facts and judicial economy and convenience would be served in trying this case once in a single lawsuit. Therefore, supplemental personal jurisdiction is established in Washington over Choice One on Vendesic's RICO and state law claims.

### III. CONCLUSION

For these reasons, Defendant Choice One's motion to dismiss for lack of personal jurisdiction is DENIED, without prejudice.

SO ORDERED this 27th day of October, 2005.

_____

UNITED STATES DISTRICT JUDGE

ORDER – 10